COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          In the Interest of B.L.R., a Child

Appellate case number:      01-16-00219-CV

Trial court case number:    2015-04570J

Trial court:                         314th District Court of Harris County

On March 15, 2016, appellant, A.M.B., filed a notice of appeal in the trial court from the order granting the motion to dismiss her petition to modify the parent-child relationship and, in the alternative, motion to deny appellant's motion for temporary orders, signed on February 15, 2016. On March 16, 2016, the trial clerk's letter of assignment to this Court designated this case as an accelerated appeal apparently because it previously involved the termination of parental rights.

On March 24, 2016, appellant filed an amended notice of appeal seeking to appeal from both the order granting adoption to petitioners P.R.H. and H.R.H., signed on December 17, 2015, and the order granting the motion to dismiss her modification petition, signed on February 15, 2016. Appellant, who was the foster mother, and is the adoptive mother of the biological sibling of the child, B.L.R., the subject of this suit, contended that this should not be an accelerated appeal because the issue of termination was not being appealed, merely the subsequent order denying her petition to modify the prior termination decree. One of the appellees, the Texas Department of Family and Protective Services ("DFPS"), filed a memo contending that this case should remain as an accelerated appeal, while appellant filed a response in opposition.

The reporter's record was filed in this Court on May 22, 2016. The sealed original clerk's record was filed on May 13, 2016, and the first and second supplemental clerk's records were filed on June 23 and July 6 and 13, 2016, respectively. Thus, the appellate records appear to be complete.

After a preliminary review of the records, however, it appears that this is not an accelerated appeal. Neither of the orders on appeal arose from a suit in which the termination of parental rights was at issue or from a child protection case filed by a governmental entity, such as DFPS, for managing conservatorship. *See* TEX. R. APP. P. 28.4(a)(2). In addition, neither of the orders on appeal contained the specific language that is required in all child protection cases to be listed in all capital letters warning that any appeal in a suit involving the termination of parental rights will be governed by the rules for accelerated appeals. *See* TEX. FAM. CODE ANN. § 263.405(b) (West Supp. 2015).

Accordingly, the Clerk of this Court is directed to designate this case as a standard appeal in a suit affecting the parent-child relationship. Thus, the appellant's brief is **ORDERED** to be filed within **30 days** of the date of this order. *See* TEX. R. APP. P. 2, 38.6(a)(1), (d). The appellees' briefs, if any, are **ORDERED** to be filed within **30 days** of the date of the filing of appellant's brief. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: /s/ Laura Higley
      X Acting individually    ☐ Acting for the Court

Date: July 14, 2016

2